IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES A. BARR,                         :
                                       :
       Plaintiff,                  :
                                       :
       v.                          : Civ. No. 14-983-RGA
                                       :
JAMES WELCH, et al.,                   :
                                       :
       Defendants.                 :

---

James A. Barr, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

November 6, 2014
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff James A. Barr, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B) and § 1915A(a). (*See* D.I. 2, 6).

Plaintiff is completely deaf in his left ear. When he was arrested in 2011, he was not allowed to retrieve his hearing aid. During the time he was housed at the Howard R. Young Correctional Institution he requested his hearing aid and, in 2012 to 2013, signed a consent form to retrieve his records from Wilmington Audiology. Plaintiff was transferred to the VCC on September 11, 2013 and discussed his need for a hearing aid. He was told that it was "in the works." Then he was told "different stories" and began filing grievances. Plaintiff alleges that a hearing aid is a medical necessity. He alleges that "all those named in this suit played a part in denying [him] a hearing aid and they voted against giving [him] a hearing aid." (D.I. 2 at 6). Plaintiff has named eleven defendants. He seeks a hearing aid and appropriate medical care as required by law.

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and

take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The Complaint contains pleading defects. For example, the Complaint alleges, generally, that all named in the suit played a part in denying Plaintiff a hearing aid. The Complaint, however, does not indicate when, where, or specifically who allegedly violated Plaintiff's constitutional rights. A civil rights complaint must state the conduct,

3

time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

In addition, it appears from the description of James Welch and Perry Phelps that they are named as defendants based upon their supervisory positions. As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory.[1] *See Iqbal*, 556 U.S. 662; *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Purpose rather than knowledge is required to impose liability on an official charged with violations arising from his or her superintendent responsibilities.[2] *See Iqbal*, 556 U.S. at 677. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* In the present case, other than generalized statements, Plaintiff does

---

[1] In *Iqbal*, the plaintiff alleged supervisory officials violated his rights because one official was the "principal architect" of the policy, and another was "implemental" in adoption and execution of the policy. *See* 556 U.S. at 669. The Supreme Court found the allegations facially insufficient. *See id.* at 676 (quoting *Robertson v. Sichel*, 127 U.S. 507, 515-16 (1888), for proposition that "[a] public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties").

[2] In light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official. *See Bayer v. Monroe Cnty. Children and Youth Services*, 577 F.3d 186, 190 n.5 (3d Cir. 2009).

4

not associate any of his allegations with the foregoing Defendants and Plaintiff provides no facts to support a claim against them.

Finally, it appears that Plaintiff attempts to raise a claim based upon the denial of his prison grievance. The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006). To the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011). Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim as Plaintiff is free to bring a civil rights claim in District Court. *Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009). Plaintiff cannot maintain a constitutional claim based upon his perception that his grievance was not properly processed, that it was denied, or that the grievance process is inadequate. Therefore, the Court will dismiss the claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

It appears plausible that Plaintiff may be able to articulate a claim against the defendants (or name alternative defendants). Therefore, Plaintiff will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007).

For the above reasons, the Complaint will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(I) and (ii) and 1915A(b)(1). Plaintiff will be given leave to file an amended complaint.

An appropriate order will be entered.