IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES A. BARR,

    Plaintiff,

        v.     :    Civil Action No. 14-983-RGA

OSAIGBOKAN EMA IGBINEDION,
et al.,

    Defendants.

---

James A. Barr, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

January 26, 2015
Wilmington, Delaware

*/s/* Richard G. Andrews
ANDREWS, U.S. District Judge:

Plaintiff James A. Barr, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court reviewed and screened the original Complaint pursuant to 28 U.S.C. §1915(e)(2)(B) and § 1915A(a), dismissed it, and gave Plaintiff leave to amend. (*See* D.I. 7, 8). Plaintiff filed an Amended Complaint on December 2, 2014.

Plaintiff is completely deaf in his left ear and he attempts to raise claims regarding his efforts to obtain a hearing aid. This Court's November 6, 2014 Memorandum and Order details Plaintiff's claims. (*See* D.I. 7, 8). The Court dismissed the original Complaint, in part, because Plaintiff failed to associate any of his allegations with the defendants named in the original Complaint.

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of*

*Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995).

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir. 1978)). As in the original Complaint, the Amended Complaint does not indicate when, where, or specifically who allegedly violated Plaintiff's constitutional rights. In the Amended Complaint, Plaintiff lists a number of Defendants but instead of identifying the actions taken by each defendant or when the actions occurred, the Amended Complaint refers to unnamed members of the "medical staff," "the medical vendor regional medical director," and a "doctor." The Amended Complaint states, generally, that "all those named in suit played a part in denying me my rights by denying me a hearing aid." The Amended Complaint fails to meet the pleading requirements of *Twombly* and *Iqbal*. It

is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

Plaintiff was provided an opportunity to amend to cure his pleading defects, yet he failed to do so. Because Plaintiff made no attempt to remedy the defects in his complaint, despite notice and his familiarity with the pleading requirements, granting him an opportunity to amend would be futile. *Jones v. Camden City Bd. of Educ.*, 499 F. App'x 127, 129 (3d Cir. 2012) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) and *Foman v. Davis,* 371 U.S. 178, 182 (1962).

For the above reasons, the Amended Complaint will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and § 1915A(b)(1).

Since the Court has already given Plaintiff one opportunity to amend the complaint, and Plaintiff's amended complaint corrected none of the identified deficiencies of the original complaint, the Court finds that amendment is futile.

An appropriate order will be entered.